U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 21 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LAUNEY DEAL | CIVIL ACTION NO. 06-1978 |
| VS. | SECTION P |
| WARDEN, CONCORDIA PARISH CORRECTIONS FACILITY | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on October 25, 2006 by *pro se* petitioner Launey Deal. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Concordia Parish Correctional Facility, Ferriday, Louisiana where he is serving sentences imposed by the Twelfth Judicial District Court, Avoyelles Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### Statement of the Case

On September 15, 1998 petitioner was convicted of forgery in the Twelfth Judicial District Court following his guilty plea in

the matter prosecuted under docket number 94-422. On April 6, 1999 he was sentenced to serve 7 years at hard labor. [doc. 4-1, paragraph 3]

He sought review of his conviction in the Third Circuit Court of Appeals and on June 27, 2001 his conviction was affirmed in an unpublished opinion. State of Louisiana v. Lonnie Deal[1], 00-01158 (La. App. 3 Cir. 6/27/2001), 796 So.2d 936 (Table).[2] His application for remedial writs was denied by the Louisiana Supreme Court on August 30, 2002. State ex rel. Lonnie Deal v. State of Louisiana, 2001-2897 (La. 8/30/2002), 823 So.2d 946.

On March 2, 2001, while the proceeding was pending in the Third Circuit, petitioner filed a petition for writ of *habeas corpus* in this court. See Lonnie Deal v. Sheriff William "Bill" Belt, No. 1:01-cv-00436 [hereinafter Deal I]. Petitioner raised the following claims for relief, (1) ineffective assistance of counsel; (2) error on the part of the Hibernia Bank with respect to the check which formed the subject matter of the prosecution;

---

[1] Petitioner uses alternative spellings for his name. However, it is clear from a reading of the pleadings that "Launey" Deal and "Lonnie" Deal are the same person. Petitioner does not explain the alternate spellings.

[2] Petitioner asserts that he did not file a direct appeal of his conviction. [doc. 4-1, paragraph 6(b)] Nevertheless, in Deal I, petitioner claimed that he did file an appeal which he later described as a writ which was assigned Docket Number KH 00-1158. [Deal I, doc. 1, paragraph 6] Because the Third Circuit's opinion was unpublished, it is impossible to determine whether the pleading filed in that court was a writ application or an appeal. As is shown hereinafter, for the purposes of this Report, and in order to give the petitioner the benefit of every doubt, it will be assumed that the proceedings before the Third Circuit and Louisiana Supreme Court were part of the direct appeal process.

(3) conviction obtained by way of an illegal arrest and the violation of petitioner's right against self-incrimination; (4) involuntary guilty plea. On May 3, 2001, the undersigned authored a Report recommending dismissal of petitioner's federal *habeas* claims because petitioner, by his own admission, had failed to exhaust available state court remedies prior to filing his federal petition. [Deal I, at doc. 5] Thereafter, on May 23, 2001, United States District Judge F.A. Little, Jr. signed a judgment accepting the recommendation and dismissing petitioner's federal *habeas corpus* petition without prejudice. [See Deal I, doc. 6]

After serving an unspecified portion of this sentence, petitioner was apparently released from custody on "good time" parole. La. R.S.15:571.3 *et seq.*[3] On December 5, 2005 his "good

---

[3] See La. R.S.15:571.3 which provides in relevant part, "(B) Every inmate in the custody of the department who has been convicted of a felony ... and sentenced to imprisonment for a stated number of years or months ... may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as 'good time'." See also La. R.S.15:571.5 which provides, "(A)(1) When a prisoner ... is released because of diminution of sentence ... he shall be released as if released on parole ... (B)(2) The person released because of diminution of sentence ... shall be supervised in the same manner and to the same extent as if he were released on parole. The supervision shall be for the remainder of the original full term of sentence. If a person released ... pursuant to his Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked. (C) If such person's parole is revoked ... for the violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original term." As is stated hereinafter, petitioner's pleadings are difficult to decipher. Nevertheless, it will be assumed that petitioner is still serving the sentence imposed in 1998. Of course, if petitioner has completed that sentence, he can no longer seek federal habeas corpus review since he is no longer "in custody" as required by the provisions of 28 U.S.C. §2254 which provide, "The ... district court shall entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a

time" parole was apparently revoked. [doc. 4-1, paragraph 5(a) - Petitioner alleged, "The petitioner was sentence on or about the 15th of September 1998, and re-sentenced for the same incorrect incident again on or about 6th of April 1999 and on the 5th 2005 of December the same incorrect sentence was used as a revoc. GTPS. But this incident and allegation was dismissed with no cause of action against the petition."]

Petitioner was apparently charged with unauthorized entry of an inhabited dwelling under Docket Number 128,214 and on some unspecified date he pled guilty to that charge and was sentenced to serve 2 years at hard labor with credit for time served. He was also charged with aggravated battery under docket number 128,215, however, on some unspecified date he plead guilty to simple battery and was sentenced to serve 6 months in the Avoyelles Parish Jail. This sentence was made concurrent to any other sentence petitioner was serving. Likewise, on some unspecified date petitioner plead guilty to a charge of simple criminal damage to property under docket number 128216 and he was sentenced to serve 6 months in the Avoyelles Parish Jail; this sentence was also ordered to be served concurrently to any other sentence. Finally, petitioner was charged with stalking under

---

State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States..." If petitioner has completed the sentence imposed on the forgery conviction, the existence of collateral consequences resulting from that conviction are insufficient to satisfy the "in custody" requirement of §2254. Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989).

docket number 128,866. He was permitted to plead guilty to a reduced charge of simple battery and he was again sentenced to served 6 months concurrent with the other sentences. [see petitioner's exhibits, Docket Sheet, at doc. 4-2, p. 2]

Petitioner raises the following claims for relief, (1) Conviction and sentence subjected him to Double Jeopardy; (2) ineffective assistance of counsel; (3) the court exceeded its jurisdiction; (4) conviction was obtained in violation of rights guaranteed by the United States Constitution. [doc. 4-1, paragraph 5] He claims that he raised these claims in an application for post-conviction relief he filed in the Twelfth Judicial District Court on October 10, 2005, "...but the 'Judge' would not look at its, some how. August 1, 2006. (Refusal)." He admits that he did not seek review in a higher court because he could not secure the assistance of inmate counsel. [doc. 4-1, paragraph 7] He also claims that the sentence he was serving has been completed. [doc. 4-1, paragraph 12]

*Law and Analysis*

*Timeliness under § 2244(d)(1)*

Petitioner's pleadings are confusing. Nevertheless, a few important facts may be gleaned from a review of the pleadings, exhibits, petitioner's previous *habeas corpus* suit, and the published jurisprudence of the State of Louisiana.

This petition was filed after the effective date of the

Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-

---

[4] Petitioner's pleadings do not suggest that the limitations period should be reckoned from any event other than finality of judgment. He does not claim the existence of State created impediments to filing; nor does his claim rest on a Constitutional right newly recognized by the United States Supreme Court; and, finally, he does not claim the recent discovery of the factual basis of his claim. See 28 U.S.C. §2244(d)(1)(B), (C), or (D).

year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

It is unclear whether or not petitioner appealed his conviction and sentence. Nevertheless, if, for the sake of this Report, it is assumed that he appealed his conviction, his conviction and sentence became final, at the latest, 90 days following the Louisiana Supreme Court's August 30, 2002[5] writ denial or on or about November 30, 2002.[6] Petitioner therefore had one year, or until November 30, 2003 (at the latest) to file a federal *habeas corpus* petition attacking his forgery conviction.

He cannot rely upon the statutory tolling provisions of §2244(d)(2) because he did not file his application for post-conviction relief until October 10, 2005, and by that time the one year limitations period had long expired, and, as shown above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467,

---

[5] See State ex rel. Lonnie Deal v. State of Louisiana, 2001-2897 (La. 8/30/2002), 823 So.2d 946.

[6] Section 2244(d)(1)(A) has been interpreted to provide that the state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has run (see Supreme Court Rule 13; Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)).

citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

In short, petitioner's collateral attack on the 1998 forgery conviction in the Twelfth Judicial District Court is untimely, and dismissal on that basis is recommended.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,*

Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _01st_ day of _November_, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE